[Civ. No. 3662. Fourth Dist. July 30, 1947.]

WILLIAM MAHERAS et al., Respondents, v. SAMUEL A. BENNETT, Appellant.

A. T. Procopio for Appellant.

H. B. Daniel for Respondents.

BARNARD, P. J.—This is an action for declaratory relief involving the rights of the parties under a written lease of a

store building. The entire controversy is as to whether this lease, by its terms, will expire on June 1, 1948, or whether the defendant, as lessee, may at his option hold the premises for an additional two years. The trial court considered the terms of the lease ambiguous, and received evidence as to the meaning and intention of the parties.

At the conclusion of the trial the court announced its intention of finding that this lease expires on June 1, 1948, and that there is no option for a further extension or renewal. About three months later, findings of fact and conclusions of law were filed finding that this lease gives the defendant an option to extend the same for two years beyond June 1, 1948. On the same day, a judgment was entered declaring that said lease ends and expires on June 1, 1948, and that the plaintiffs are entitled to the possession of the premises at that time. From this judgment the defendant has appealed.

The appellant contends that the findings do not support the judgment; that the language of the lease is not ambiguous; that oral evidence was erronously admitted; and that in any event, the evidence was not sufficient to have sustained a finding to the effect that he was not entitled, at his option, to two additional years.

While we think that the language of this lease is ambiguous and that oral evidence was properly received for the purpose of disclosing the meaning and intention of the parties, and while it appears from the record that the evidence was sufficient to have sustained findings in favor of the respondents, it clearly appears that the findings made do not support the judgment as entered,

The parties concede that, through inadvertence, the court signed the findings which were proposed by the appellant instead of signing those submitted by the respondent. That this might be true seems to be indicated by the court's direction for judgment at the close of the trial and by the judgment which was entered.

The respondents ask this court to set aside the findings made and to adopt the findings which they state were proposed by them, but which do not appear in the record. The appellant, while conceding the power of this court to change or correct findings, cites a number of cases in which it has been held, broadly speaking, that this should not be done except in cases where the evidence is without conflict or where the evidence is insufficient to support the findings as made.

The evidence here was conflicting and was sufficient to support findings either way on the controlling issue. It does not affirmatively appear that the trial judge did not change his mind in the three months which intervened between the conclusion of the trial and the date the findings and judgment were signed. There is nothing in the record to show whether the apparent inadvertence or error was in signing the wrong findings or in signing the wrong judgment. Under these circumstances, this does not appear to be a proper case for this court to make findings and substitute the same for those made by the trial court. (*Tupman* v. *Haberkern,* 208 Cal. 256 [280 P. 970].) While it is obvious that some error here occurred it should be corrected on a new trial, and not by findings made by this court on conflicting evidence.

The judgment is reversed.

Marks, J., concurred.